IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY SESSION, 1999

FILED

May 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **BOBBY ALLEN JOYNER,** | ) | **C.C.A. NO. 03C01-9807-CR-00260** |
| | ) | |
| Appellant, | ) | |
| | ) | **SULLIVAN COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. LYNN W. BROWN, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**BOBBY ALLEN JOYNER,** *pro se*          **JOHN KNOX WALKUP**
N.E.C.C. #114016                      Attorney General & Reporter
P.O. Box 5000
Mountain City, TN  37683             **ELLEN H. POLLACK**
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN  37243

                                      **H. GREELEY WELLS, JR.**
                                      District Attorney General
                                      140 Blountville Bypass
                                      P.O. Box 526
                                      Blountville, TN  37617-0526

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# **OPINION**

The Petitioner, Bobby Allen Joyner, appeals as of right the trial court's dismissal of his petition for post-conviction relief. After a careful review of the record, we affirm the judgment of the trial court.

On December 17, 1992, Petitioner was convicted of first degree murder and sentenced to life imprisonment. Petitioner appealed and this Court affirmed the judgment of the trial court. See State v. Bobby Allen Joyner, C.C.A. No. 03C01-9411-CR-00412, Sullivan County (Tenn. Crim. App. Knoxville, Jan. 29, 1996), perm. to appeal denied (Tenn. 1996). On June 20, 1997, Petitioner filed a petition for post-conviction relief which was subsequently dismissed without an evidentiary hearing. Petitioner filed a timely notice of appeal.

## I. Exculpatory Evidence

First, Petitioner asserts in his petition that the State failed to disclose favorable evidence to him. The evidence he claims is exculpatory is a State witness's alleged prior criminal record and the fact that the State did not disclose to him that Petitioner's defense counsel had previously represented a witness for the State. Petitioner did not raise the issue concerning the prior criminal record of a State witness on direct appeal. We agree with the trial court's order stating that the "dismissal of this allegation is warranted because no facts are stated to support the bare allegations of the [P]etitioner." See Tenn. Sup. Ct. R. 28,
§ 5(E)(4), § 5(F)(3), and § 6(B)(4)(c). Petitioner does not state whose criminal record was not divulged, what convictions it would have revealed, and even whether

the State had this witness's criminal record in its possession. The Petitioner did raise the issue about his counsel's prior representation of a State witness, Robert McDowell. However, he couched it in terms of an ineffective assistance of counsel claim, and this Court found that although Petitioner's defense counsel "had represented McDowell in a previous case, there was no showing of a conflict of interest or that this prevented the [Petitioner] from receiving a fair trial." We find that although this issue was raised in a different context, Petitioner should have also presented on direct appeal the specific issue he now raises. Therefore, it has been waived. See Tenn. Code Ann. § 40-30-206(g) and -210(f).

## II. Double Jeopardy

Petitioner argues that the jury heard evidence of his prior criminal record and that because he had already been punished for those crimes, it constituted double jeopardy. The use of the evidence in no way constituted double jeopardy, and therefore, we do not find this issue proper for post-conviction consideration as it does not state the deprivation of any constitutional right. See Tenn. Code Ann. § 40-30-203.

## III. Unconstitutionally Selected Jury

Petitioner asserts in this issue that "[m]any jurors had conflict(s) of interest against the defendant." Specifically, he mentions that one juror was a friend of the district attorney, some jurors were victims of crimes themselves, and another juror was a friend and business associate of a judge. Petitioner did not raise this on direct appeal, and therefore the issue is waived. See Tenn. Code Ann. § 40-30-206(g) and

-210(f). Also, we do not find this issue proper for post-conviction consideration because the facts alleged do not constitute the deprivation of any constitutional right. See Tenn. Code Ann. § 40-30-203.

## IV. Assistance of Counsel

Petitioner makes numerous claims in this issue that his trial counsel was ineffective. Although Petitioner did not raise some of the specific facts now raised, he did make the general claim of ineffective assistance of counsel on direct appeal and this Court determined it to be without merit. We note that while ineffective assistance of counsel claims may be raised on direct appeal merely on the record, such a practice is "fraught with peril." See, e.g., Thompson v. State, 958 S.W.2d 156, 161 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1997). Generally, the practice is disfavored because steps are not taken to prepare an adequate record on the issue in the trial court. Raising the issue on direct appeal is a risk assumed by Petitioner and his counsel, but it does not make this Court's action any less of a ruling on the merits after a review of the record before it. Petitioner was allowed the opportunity to present the issue of ineffective assistance of counsel on direct appeal, and therefore, this claim has been previously determined and is not cognizable in this petition. See Tenn. Code Ann. § 40-30-206(h).

## V. Illegal Evidence

Petitioner asserts that an "[o]ld photo I.D. card [of him] was illegally introduced to the jury." We agree with the court's finding that this is not an issue for post-

conviction relief since it is not an abridgment of any constitutional right. See Tenn. Code Ann. § 40-30-203. Furthermore, this issue was not raised on direct appeal and has therefore been waived. See Tenn. Code Ann. § 40-30-206(g) and -210(f).

## VI. Other Grounds

Finally, Petitioner alleges "[p]rejudicial plain errors of the trial court, such as refusing to allow counsel to withdraw, refusing to allow a continuance to secure certain defense witnesses, failing to properly instruct the jury on 1st [sic] degree murder's premeditation and deliberation essential elements, amongst other things." Petitioner states no other facts and we agree with the trial court that no constitutional deprivation exists by counsel not being allowed to withdraw as alleged. See Tenn. Code Ann. § 40-30-203. Furthermore, this issue should have been raised on direct appeal. Tenn. Code Ann. § 40-30-206(g) and -210(f). The issues of a continuance and jury instructions were decided against Petitioner on direct appeal. See Tenn. Code Ann. § 40-30-206(h). The issue regarding jury instructions could have been raised on direct appeal, and is waived.

Since we are able to determine conclusively from Petitioner's pro se petition that no relief is available, it was not error for the trial court to dismiss the petition without an evidentiary hearing and without the appointment of counsel for Petitioner. See Swanson v. State, 749 S.W.2d 731 (Tenn. 1988).

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
L. T. LAFFERTY, Senior Judge